469 So.2d 1147 (1985)
Katie CARR
v.
Mildred MASTERS.
No. CA-2969.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
*1148 Adrian F. Lanser, III, New Orleans, for plaintiff-appellant, Katie Carr.
Eugene J. Gomes, Jr., New Orleans, for defendant-appellee, Mildred Masters.
Before GARRISON, WARD and WILLIAMS, JJ.
WARD, Judge.
On November 9, 1978, Mildred Masters sold an interest in the Tally Ho Club on North Broad Street in New Orleans to Katie Carr. The act of sale is ambiguous with regard to the extent of the interest conveyed, but we interpret it to mean that Masters and Carr each now own one-half of the property. In payment for her interest, Carr assumed Masters' Whitney Bank loan in the amount of $3,232.85 and agreed to pay for the inventory on the Club premises as of the date of the sale.
After the sale Masters and Carr worked together at the Club, each taking a $100.00 salary per week and dividing the net profits equally. This arrangement continued until September of 1980 when Masters physically evicted Carr from the Club and changed the locks, preventing Carr's entry.
In April 1981, Carr filed a petition in Civil District Court reciting the above facts and requesting partition of the business. Masters answered the suit and asserted a reconventional claim for $3,232.85, alleging that Carr had never made any payments on the Whitney loan she had assumed. Carr denied the claims of the reconventional demand.
Then, on March 31, 1982, Masters filed a pleading captioned "Motion for Summary Judgment (No Cause of Action)," alleging that the 1978 act of sale between the parties was in reality a partnership agreement *1149 and that the parties worked together at the Club and split the profits and losses. As long as a partnership exists, Masters argued, a partner has no cause of action on partnership matters other than to dissolve the partnership and then to divide the assets. Therefore, she contended, summary judgment is appropriate because any cause of action on partnership business is premature.
Carr responded to this motion by arguing that even if there was a partnership, an exception of no cause of action, rather than summary judgment, was appropriate because she should be allowed to amend her petition rather than have her suit dismissed. She further argued that Masters' pleading actually was an exception of prematurity and, as such, had been waived because it was not filed before the answer. Neither party filed supporting affidavits, therefore, the only evidence before the Trial Court was the pleadings and the parties' contract of sale. On the basis of these documents the Trial Judge granted Masters' motion for summary judgment and dismissed the suit. Carr's appeal brings the issues before us.
Because the Trial Court's judgment includes no reasons, we do not know why the summary judgment was granted. The Trial Court apparently found that a partnership existed between Masters and Carr, and we believe that finding was correct. Louisiana partnership law in effect at the time of the parties' business relationship required the following circumstances for the existence of a partnership: (1) The parties must have mutually consented to form a partnership; (2) all parties must share in the losses as well as the profits of the venture; and (3) the property of the enterprise must form a community of goods in which each party has a proprietary interest. La.C.C. articles 2801, 2805, 2813 and 2814. It is not necessary that the parties call their enterprise a partnership. There are no hard and fast rules in making the determination that a partnership exists; each case must be considered on its own facts. Frazell v. United States, 213 F.Supp. 457, 463 (W.D.La.1963).
Carr's petition states that she and Masters divided the profits of the Tally Ho Club after paying its debts; thus, they shared the losses as well as the profits. The act of sale attached to the petition shows that Carr purchased from Ms. Masters one-half the good will, trade name, and charter of the club along with one-half of certain tangible assets; thus, each of the parties had a proprietary interest in the club's goods. Although there is no direct showing that the parties consented to form a partnership, we do not believe it was erroneous for the Trial Court to infer consent from the very strong circumstantial evidence.
We believe the Trial Court's summary judgment was based on the rule that there can be no partition of partnership property without dissolution of the partnership. That rule is well-settled. Marine Services, Inc. v. A-1 Industries, Inc., 355 So.2d 625 (La.App. 4th Cir.1978).
Although we agree with the rule, we do find error in the Trial Court's judgment. Code of Civil Procedure Article 967 states that summary judgment "shall be rendered forthwith if the pleadings ... show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." While there may be no disputed facts, summary judgment is inappropriate in this case because Masters is not entitled to a final judgment as a matter of law. The pleading filed by Masters was not an attempt to procure a final judgment forever denying Carr's right to partition the property. It only averred the existence of a partnership which requires dissolution before the property may be partitioned. Therefore, rather than granting summary judgment and dismissing the suit, the Trial Court should have ruled on Masters' pleading as an exception of no cause of action and allowed Carr to amend her petition to state a cause of action. La.C.C.P. art. 934. With the case in its present posture, that is, dismissed by a final judgment, Carr must file *1150 a new suit to begin proceedings to dissolve the partnership and eventually partition the property. In the interest of judicial efficiency, she should be given an opportunity to proceed within the present suit by amendment of her petition.
We reject Carr's argument that Ms. Masters' pleading was nothing more than an attempt to plead the dilatory exception of prematurity after it had been waived by filing the answer. Masters objects to a more fundamental defect than mere prematurity. Although she complains of the suit to partition as "premature" before dissolution of the partnership, it is premature because there can be no cause of action by one partner against another on partnership matters. To find that Masters waived an objection to such a serious defect in the suit would allow Carr to proceed with a cause of action that is legally non-existent.
We therefore reverse the Trial Court's summary judgment and dismissal of Katie Carr's suit. We maintain an exception of no cause of action and remand the case, granting Ms. Carr leave to amend her petition.
Reversed and Remanded.