| gPARRO, J.
In this redhibition action against the seller and manufacturer of a vehicle, the manufacturer appeals a default judgment against it rescinding the sale, ordering the refund of amounts paid by the purchaser, and ordering the payment of $10,584.84 in damages and attorney fees to the purchasers. For the following reasons, the judgment is vacated.

Factual Background and Procedural History

On March 17, 2001, Albín L. and Sheryl V. Carter purchased a new 2001 Ford Escape from Amite City Ford, Inc. (Amite) for $23,403.48, including taxes, title, license, and sales charges. Eighteen months later, on September 12, 2002, the Carters filed an action in redhibition against Amite and Ford Motor Company (Ford Motor) because of the problems they had been experiencing with the vehicle. In their petition, the Carters alleged the following. Since the acquisition, they had experienced numerous problems with the vehicle, including peeling paint, exterior finish damage, and a defective dashboard. Amite’s attempts at repairing the dashboard were unsuccessful. The defects rendered the vehicle unmerchantable and unfit for the purposes for which it was to be used. Accordingly, the Carters sought (1) rescission of the sale under LSA-C.C. art. 2520, (2) return of the full purchase price together with amounts paid in connection with the purchase, (3) damages and attorney fees on account of Amite’s alleged failure to disclose prior damage to the vehicle which resulted in the peeling of paint, and (4) recovery of the value of personal property that had been stolen from the vehicle while it was in Amite’s custody for repairs.
With neither defendant having filed an answer, the Carters filed on November 7, 2002, a motion for preliminary default as to Amite, which they sought to confirm on November 25, 2002. At the confirmation hearing, the Carters acknowledged that the pending motion did not involve Ford Motor; therefore, they moved for the entry of a preliminary default against Ford Motor and urged that the testimony and evidence from the November 25, 2002 confirmation hearing be preserved as to Ford Motor. However, at the close of evidence, the trial court signed a judgment in favor of the Carters against Amite and Ford Motor, in solido, rescinding the sale of the vehicle, ordering a 1 «refund of all payments made by the Carters (including down payment, monthly payments, sales taxes, sales charges, and rental expenses), and making the following monetary awards: $1,084.84 in reimbursement for movables that were removed from the vehicle while it was being repaired by Amite, $2,500 as general damages for their inconvenience and loss of use, and $7,000 in attorney fees. This judgment was vacated by the trial court on December 20, 2002.[1] Without a further hearing in this matter, a revised judgment against Amite and Ford Motor, which had been signed on November 20, 2002, was filed into the record on January 7, 2003. Ford Motor appealed from the default judgment against it, contending that the judgment was premature and invalid for failure to properly confirm the preliminary default and that the Carters failed to establish a prima facie case that the vehicle had a redhibitory defect.

Applicable Law on Default Judgments

In an ordinary proceeding, the defendant in a principal action must file an *1192 answer within fifteen days after service of the citation. LSA-C.C.P. art. 1001. If a defendant in the principal demand fails to answer within the time prescribed by law, a judgment by default may be entered against him. LSA-C.C.P. art. 1701(A). The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes. LSA-C.C.P. art. 1701(A). A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case, as fully as though the defendant denied each of the allegations in the petition. See LSA-C.C.P. art. 1702(A); Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Sessions & Fishman v. Liquid Air Corporation, 616 So.2d 1254, 1258 (La.1993). In other words, a plaintiff must present competent evidence that convinces the court that it is more probable than not that he would prevail in a trial on the merits. Thibodeaux v. Burton, 538 So.2d at 1004; Bordelon v. Sayer, 01-0717 (La.App. 3rd Cir.3/13/02), 811 So.2d 1232, 1235, writ denied, 02-1009 (La.6/21/02), 819 So.2d 340.

14Discussion

After being served with the Carters’ petition on September 18, 2002, Ford Motor did not file an answer until January 9, 2003, and then only after a default judgment had been entered against it. With the time prescribed by law having passed without answer by Ford Motor, the Carters acted properly in having a preliminary default entered against Ford Motor by oral motion in open court on November 25, 2002. This default judgment was correctly reflected as an entry in the minutes of the trial court on said date. The minute entry further disclosed that counsel for the Carters had moved to have the testimony and evidentiary offerings presented in connection with the Carters’ November 25, 2002 confirmation hearing relative to Amite perpetuated for the confirmation of the default as to Ford Motor on a later date.
If no answer is filed timely, a judgment of default may be confirmed after two days, exclusive of holidays, from the entry of the judgment of default. LSA-C.C.P. art. 1702(A). In the instant case, the preliminary default against Ford Motor was entered on November 25, 2002, with the confirmation judgment purportedly having been signed by the trial court on November 20, 2002. With the signing of the confirmation judgment before the entry of the preliminary default, the time requirements of LSA-C.C.P. art. 1702(A) clearly had not been satisfied in this case. Thus, the trial court was legally incorrect in confirming the judgment of default, as there was no judgment of default against Ford Motor in existence on November 20, 2002, that was capable of being confirmed.
On appeal, the Carters attempt to circumvent this procedural problem by urging that the November 20, 2002 date on the confirmation judgment resulted from a typographical error and that the correct date on which the judgment was signed is December 20, 2002 — the date on which the original judgment against Amite and Ford Motor was vacated by the trial court. Thus, they urge that the confirmation judgment was signed by the trial court after the lapse of two days from the entry of the preliminary default. Assuming for the sake of argument that we remanded the case to the trial court for correction of this “typographical error,” as requested by the Carters, |Rwe are unable to find that such a correction would completely overcome the procedural problems in this case.
Confirmation of the default is similar to a trial at which the defendant is absent. Frank L. Maraist & Harry T. Lemmon, Civil Procedure, § 12.3 at 326 in 1 Louisiana Civil Law Treatise (1999). The plain *1193 tiff must present admissible evidence which establishes a prima facie case. LSA-C.C.P. art. 1702(A). At the hearing on the confirmation of default, the rules of evidence generally apply. Maraist & Lemmon, Civil Procedure, § 12.3 at 327. Louisiana Code of Civil Procedure articles 1702 and 1702.1 specify situations where a plaintiff may confirm a default judgment without a hearing. Upon a plaintiffs compliance with the prescribed procedures in those situations, the trial court may either sign the judgment or direct that a hearing be held. See LSA-C.C.P. arts. 1702(C) & (E). Such a situation is not present in the instant case so as to allow the trial court to simply sign a judgment that confirms the default judgment upon the passage of the time prescribed by LSA-C.C.P. art. 1702(A).
A party is free to preserve the evidence from a prior court hearing for use in a subsequent proceeding. However, the fact that the evidence has been preserved does not automatically make it available for consideration by the trial court at some later date. To be considered by the trial court, such evidence must be offered into evidence at a subsequent hearing — in this case, the hearing held for the purpose of confirming the default judgment as to Ford Motor. See Williams Law Firm v. Board of Supervisors of Louisiana State University, 03-0079 (La.App. 1st Cir.4/2/04), 878 So.2d 557, 562; Ray Brandt Nissan, Inc. v. Gurvich, 98-634 (La.App. 5th Cir.1/26/99), 726 So.2d 474, 476. Otherwise, the evidence is not properly before the trial court. In the absence of such a hearing, it was impossible for the Carters to have presented a prima facie case in this matter. Accordingly, we conclude that the trial court could not have legally entered a confirmation judgment against Ford Motor.[2]
1 bDecree
For the foregoing reasons, the judgment of the trial court is vacated. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Albín L. and Sheryl V. Carter.
VACATED AND REMANDED.

. There are no pleadings in the record requesting that the November 25, 2002 judgment be vacated.

. In light of this decision, we pretermit discussion of the other issues raised in this appeal,