SUSAN M. CHEHARDY, Chief Judge.
|2This is a lease dispute in which the defendant lessee appeals a default judgment against it totaling $66,927.10, comprising amounts for rent due, stipulated or liquidated damages under the lease, and contractual attorney’s fees, plus judicial interest from date of demand and all costs. We amend and affirm as amended.
FACTS
On April 29, 2011, Weber Property Group, LLC (‘Weber”), brought suit for breach of contract and damages against Sunburst Media-Louisiana, LLC (“Sunburst”). The petition made the following allegations:
On August 15, 2007, Davidson Media Louisiana Stations, LLC (“Davidson”) entered into an agreement with Weber for lease of commercial property at 3841 Veterans Blvd., Suite 201, Metairie, LA 70002, for occupancy by one of Davidson’s Louisiana radio stations, La Fabulosa. Prior to entering into the lease, Davidson had inspectors check the building for any issues. None were found, and Davidson entered into the lease for a term commencing on September 1, 2007, and ending on August 31, 2012. The rent under the lease was staggered throughout the term as follows: $2,995.00 per month for year one; $3,084.85 per |smonth for year two; $3,177.40 a month for year three; $3,272.72 per month for year four; and $3,370.90 per month for year five.
During the term of the lease, Davidson was purchased by Sunburst; the sale included the radio station La Fabulosa. In 2010, La Fabulosa employees reported to Weber that areas of the building needed repair. The petition states that Weber promptly and diligently sent workers and repairmen to repair all suggested problems, although the lease assigned responsibility to repair many of the complained-of problems to the lessee; further, although some of the complaints were legitimate, some of the complaints were unfounded or were the responsibility of the tenant itself.
Despite repeated conversations with the lessee’s representatives and attempts to *42 pacify their concerns, Weber received correspondence from Charles Goodyear, VP/Controller of Sunburst, announcing that Sunburst intended to terminate the lease. Weber responded that termination in this instance was not allowed and that the lessee’s obligations were still due.
Sunburst left the premises and ceased rent payments in April 2011. Weber alleged that Sunburst left the premises in disarray, without repairing damages or removing improvements it had made to the property, the majority of which were not authorized by Weber, as required under the lease.
In the petition, Weber exercised its right under the lease to declare all of the unpaid installments of monthly rent for the remainder of the term immediately due and payable. In addition, Weber sought attorney’s fees and costs as provided by the lease, which stipulates that the attorney’s fees shall not be less than the greater of $500.00 or 25% of the amount sought to be collected.
On September 1, 2011, Weber filed a motion for preliminary default, stating that the petition was filed on April 29, 2011; the sheriff served the citation and | ^petition on defendant, Sunburst, on May 19, 2011; the clerk of court had certified that the defendant had failed to appear or to file an answer; and the legal delays for so answering had elapsed. Weber requested that the court enter a preliminary default, and the court entered it on that day.
On September 30, 2011, Weber filed a first supplemental and amended petition for breach of contract and damages, asserting that it had found a prospective tenant for the property, so that the acceleration for the full amount of the rents was unnecessary. Weber lowered its demand to reflect the rent due and damages as provided in the lease. Weber also demanded attorney’s fees in the amount of “not less than the greater of $500 or 25% of the amount sought to be collected,” and all court costs.
On March 23, 2012, Weber again filed a motion for preliminary default, reciting that the first supplemental and amended petition to the original un-answered petition for breach of contract had been served on Sunburst on October 11, 2011 by the sheriff, the defendant had failed to appear or to file an answer, and legal delays for so answering had elapsed. On March 23, 2012, the trial court ordered that a preliminary default be entered against Sunburst.
On April 13, 2012, Weber filed a motion for confirmation of the preliminary default. In the memorandum in support of the motion, Weber related that shortly after the original petition was filed, its counsel had been contacted by a Craig Stewart, Esq., who stated he was the attorney for Sunburst. On May 15, 2011, Weber’s counsel faxed a copy of the petition to Craig Stewart with requested information. Thereafter, Weber’s counsel repeatedly attempted to contact Craig Stewart, to no avail. On February 23, 2012, Weber’s counsel sent a letter to Craig Stewart advising that “as a period of months has gone by without an Answer, or at [ ¡¡minimum, without any correspondence/contact from your end,” Weber would be filing a motion for preliminary default the next day, February 24, 2011.
In conjunction with the motion for confirmation of the preliminary default, Weber filed an affidavit by Skip Weber, attesting that he is a member of Weber Property Group, LLC. The affidavit recited various facts previously set out in the petitions and in the memorandum in support of the motion. In addition, the affidavit stated that the rent was not paid from April 2011 onward; that past due *43 rent owed for the months of April — July 2011 was $13,090.88; that the amount of stipulated or liquidated damages owed is the equal to 12 months’ rent of the last year, in the amount of $40,450.80.
ACTION OF THE TRIAL COURT
On April 18, 2012, the trial court rendered judgment stating that the matter had been submitted for confirmation of preliminary default without a hearing, as provided under La. C.C.P. art. 1702 and 1702.1, and that the preliminary default was confirmed. It awarded judgment in favor of the plaintiff, Weber, and- against the defendant, Sunburst, in the amounts of $18,090.88 for due rent, $40,450.80 for stipulated or liquidated damages under the lease agreement, and $13,385.42 for amounts “due contractually,” along with all costs of the proceeding and judicial interest from the date of the demand.[1] The record shows that Notice of Judgment was mailed on April 20, 2012.
On May 22, 2012, Sunburst filed a motion for new trial on the grounds that “the judgment is clearly contrary to the law and the evidence.”
|fiThe record shows no ruling on the motion for new trial. Instead, on June 25, 2012, Sunburst filed a motion for devolu-tive appeal. The order of appeal was signed on July 9, 2012.
ARGUMENTS
On appeal, Sunburst argues the trial court erred in granting the default judgment because the calculations of damages for all three substantive areas of relief granted were materially wrong. Sunburst asserts (1) the actual damages/unpaid rent calculation was wrong because it failed to give credit for the security deposit given to secure payment of rent; (2) the stipulated/liquid damages calculation was wrong because it was calculated using the monthly rent for the last year of the lease (year five), not the year of the lease termination (year four), as required by the lease terms; (3) the trial court’s award of attorney’s fees was erroneous because it was a percentage of the first two categories of damages, but both of those categories were erroneously calculated.
Sunburst does not argue that Weber failed to prove a prima facie case of breach of a lease agreement. However, Sunburst asks this Court to reverse the judgment and to remand for further proceedings to correct the calculations.
Weber contends there is no basis to reverse the judgment because Sunburst has failed to show the judgment was not supported by a prima facie case, and if there is any error it is merely in calculations, which the appellate court may correct with an amended judgment. Weber asserts that if this Court finds there are calculation errors that are legally reviewable on appeal, we should render judgment on the merits and reduce the damages award in line with the judicially-admitted amounts Sunburst provided in its appellate brief, specifically $9,719.98 for unpaid 17rents, $39,272.64 for stipulated damages, and $12,248.15 for attorney’s fees, for a total of $61,240.77.
LAW AND ANALYSIS
Timeliness of Appeal
We address first the question of prematurity of the appeal. That issue is not raised by either party, but is indicated on the face of the record by the presence of a *44 motion for new trial that was never decided.
An order of appeal is premature if granted before the court disposes of all timely-fíled motions for new trial, but the order becomes effective upon the denial of such motions. La. C.C.P. art. 2087(D). Because prematurity of the appeal affects our jurisdiction to consider the appeal, we must address it where the face of the record so requires.
The delay for applying for a new trial is seven days, exclusive of legal holidays, which commences to run on the day after the clerk has mailed the notice of judgment. La. C.C.P. art.1974. A devolu-tive appeal may be taken only within 60 days of either the expiration of the delay for applying for a new trial, if no application has been filed timely, or the date of the mailing of the notice of the court’s refusal to grant a timely filed application for a new trial. La. C.C.P. art. 2087(A). An untimely motion for new trial will not serve to interrupt the delays for taking a devolutive appeal. Falkins v. Jefferson Parish Sch. Bd., 97-26, p. 2 (La.App. 5 Cir. 5/9/97), 695 So.2d 1005, 1006. An untimely application for new trial does not affect, interrupt or extend the delay for appealing. St. Tammany Homesites v. St. Tammany Parish, 477 So.2d 123, 124 (La.App. 1st Cir.1985).
Here, the notice of judgment was mailed on April 20, 2012, a Friday. The delay to apply for new trial began running on the following Monday, April 23, 2012. Excluding weekends as legal holidays, that makes May 1, 2012 the seventh Rday after the delay began running, and thus the final day to file a motion for new trial. The appellant filed its motion for new trial on May 22, 2012, well past the deadline.
The motion for new trial was untimely, so the lack of a ruling on the motion is immaterial. The motion for appeal was filed on June 25, 2013, within 60 days of the expiration of the delay for applying for a new trial. Thus, the motion for appeal was timely, and this Court has jurisdiction.
Validity of Default Judgment
We next address the validity of the default judgment. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. La. C.C.P. art. 1702(B)(1).
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include in an itemized form with the motion and judgment a certification that the suit is ... on a conventional obligation, ... and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached....
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
La. C.C.P. art. 1702.1.
We note that the record contains appropriate documentation of the claims made by Weber, but there is no certificate as described in La. C.C.P. art. |n1702.1(B). That is not fatal to the default judgment, however, because the record does contain *45 documentation of all the elements necessary to establish Weber’s right to recover against Sunburst under the lease.
In Hollander v. Wandell, 97-556, p. 4 (La.App. 5 Cir. 11/12/97), 703 So.2d 742, 745, this Court stated,
We hold that the mandatory requirements of articles 1702 and 1702.1 relate to the plaintiffs’ establishing a prima facie case in support of a default judgment. As such, the “proper procedure to remedy the failure of proof is through a motion for new trial and/or an appeal, not a motion to nullify the judgment.” [Citation omitted.]
Although this case comes before us on appeal, the appellant, Sunburst, has not raised failure to establish a prima facie case as a ground for reversal. Rather, Sunburst has challenged the calculations of damages. Under these circumstances, we find there is no basis for reversing or vacating the default judgment.
Further, this Court need not remand where there are errors in calculation, but may recalculate damages on appeal. As stated above, Sunburst’s assignments of error all concern the calculations of damages for which it was cast. Weber has admitted that the amounts are incorrect, and has adopted the amounts suggested by Sunburst. Given that both parties agree on the amounts that should have been awarded, we construe their statements as judicial admissions.
Accordingly, we affirm the default judgment, but amend it to reduce the damages award in line with the judicially-admitted amounts Sunburst provided in its appellate brief, specifically $9,719.98 for unpaid rents, $39,272.64 for stipulated damages, and $12,248.15 for attorney’s fees, for a total of $61,240.77.
hnDECREE
For the foregoing reasons, the judgment is amended to reduce that the amounts awarded, as set out in the appellant’s brief.
There is judgment in favor of the plaintiff, Weber Property Group, LLC, and against defendant, Sunburst Media-Louisiana, LLC, in the amounts of $9,719.98 for due rent, $39,272.64 for stipulated or liquidated damages under the lease agreement, and $12,248.15 due contractually for attorney’s fees, for a total of $61,240.77, along with judicial interest from date of the demand, and for all costs.

AMENDED AND AFFIRMED AS AMENDED

. The amount "due contractually” refers to attorney’s fees. The amount awarded, $13,385.42, is 25% of the total of the other two awards ($13,090.88 + $40,450.80 = $53,541.68 x .25 = $13,385.42).