STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1437


BETTY SINEGAL

VERSUS

LAFAYETTE PARISH SHERIFF'S OFFICE


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 09-04824
SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


AFFIRMED.

Michael B. Miller
Jacqueline B. Manecke
Miller & Miller
Post Office Box 1630
Crowley, Louisiana  70527-1630
(337) 785-9500
Counsel for Plaintiff/Appellant:
        Betty Sinegal

**James D. Hollier**
**Philip H. Boudreaux, Jr.**
**Neuner Pate**
**Post Office Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Defendant/Appellee:**
          **Lafayette Parish Sheriff's Office**

**KEATY, Judge.**

In this workers' compensation case, the claimant appeals a judgment denying her motion for penalties and attorney fees. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The facts in this matter are not in dispute. On November 29, 2010, a consent judgment was signed by the workers' compensation judge (WCA) wherein the parties stipulated that the claimant, Betty Sinegal, was injured on April 26, 2006, and December 12, 2007, in the course and scope of her employment with Defendant, the Lafayette Parish Sheriff's Department. The consent judgment, in relevant part, ordered Defendant to "pay all reasonable and necessary medical treatment" resulting from the injuries that she sustained in the two accidents.

Sinegal filed a motion and order for penalties and attorney fees on February 6, 2013. She claimed that Defendant's failure to approve and install a walk-in bathtub and to approve an occupational therapy assessment for the installation of hand rails throughout her home as recommended by two of her physicians, Dr. Bryan Frentz and Dr. Charles Bramlet, respectively, amounted to a violation of the consent judgment entitling her to the relief sought. On May 1, 2013, Defendant filed a memorandum in opposition to the motion. Defendant claimed that it had timely denied both requests based on clinical recommendations in a utilization review it received from Rehabilitation, Inc., (Rehab Inc.). Rehab Inc. contested the medical necessity of each request after having reviewed Sinegal's medical records from Drs. Frentz and Bramlet as well as the report from Sinegal's functional capacity evaluation (FCE). More specifically, Rehab Inc. determined that the bathtub would be considered a convenience item that was not

medically necessary. Rehab Inc. recommended that the occupational therapy home evaluation be denied as well because it determined that the falls Sinegal was experiencing were due to balance problems due to weight gain and a seizure disorder not related to her work injury. Defendant pointed out that because neither physician filed a Form 1009 Disputed Claim for Medical Treatment and because Sinegal had not filed a Form 1008 Disputed Claim for Compensation with the Office of Workers' Compensation seeking review of Defendant's denial of the physician's requests, "Sinegal's motion for penalties and attorney fees should be denied based on prematurity." In that vein, Defendant argued that the consent judgment should not operate to deprive it of the right to contest the medical necessity of recommended treatment. Moreover, Defendant submitted that the workers' compensation scheme does not provide for the assessment of penalties and attorney fees where a "claim is reasonably controverted," as it was in the instant matter. La.R.S. 23:1201(F). Finally, Defendant submitted that although the term "claim" is not defined in the Louisiana Workers' Compensation Act, the supreme court has interpreted that term to mean "the underlying claim for relief" and "not the enforcement of a judgment." *Fontenot v. Reddell Vidrine Water Dist.*, 02-439, p. 13 (La. 1/14/03), 836 So.2d 14, 23. Accordingly, Defendant contended that Sinegal must file a 1008 regarding its denial of the walk-in bathtub and the occupational therapy assessment in order to establish a "claim" for penalties and attorney fees as a result of those denials.

Following a June 21, 2013 hearing, the WCJ denied Sinegal's motion for penalties and attorney fees. Sinegal now appeals, asserting that the WCJ erred: 1) in failing to find that she was entitled to penalties and attorney fees; 2) in using the

improper use of summary proceedings and La.R.S. 23:1203.1[1] as a reasonable basis for denying penalties and attorney fees, and 3) in dismissing her claim for penalties and attorney fees with prejudice.

## DISCUSSION

> "Awards of penalties and attorney's fees in workers' compensation are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed." *Williams v. Rush Masonry, Inc.,* 98-2271, pp. 8-9 (La.6/29/99), 737 So.2d 41, 46 (citation omitted). An appellate court reviews the WCJ's decision to award penalties and attorney fees using the manifest error/clearly wrong standard of review. *Ducote v. La. Indus., Inc.,* 07-1536 (La.App. 3 Cir. 4/2/08), 980 So.2d 843.

*Mallery v. Dynamic Indus., Inc.,* 11-1221, p. 6 (La.App. 3 Cir. 3/14/12), 86 So.3d 826, 830.

In the instant matter, the WCJ denied Sinegal's motion for penalties and attorney fees from the bench after the June 21, 2013 hearing, stating, in pertinent part:

> I am going to deny the motion for penalties and attorney's fees because what the motion actually seeks is medical treatment and it is not medical treatment that was specifically awarded in the November 2010 consent judgment, and in fact was actually recommended subsequent to that consent judgment. . . . What we have in the present matter are issues relating to the medical necessity of two items. And my denial of the motion has really little to do with the application or not of the medical guidelines, it is simply that I never feel it appropriate to determine medical necessity in a summary fashion, much less when the summary vehicle is [one] solely for penalties and attorney's fees. . . . [T]he application of the guidelines or not, does[,]

---

[1] Louisiana Revised Statutes 23:1203.1 was enacted by the legislature in 2009 to provide for the establishment of a medical treatment schedule. The statute provides that "[a]fter the promulgation of the medical treatment schedule, throughout this Chapter, and notwithstanding any provision of law to the contrary, medical care, services, and treatment due, pursuant to R.S. 23:1203, et seq., by the employer to the employee shall mean care, services, and treatment in accordance with the medical treatment schedule." La.R.S. 23:1203.1(I). The Louisiana Workforce Commission, Office of Workers' Compensation Administration promulgated the Louisiana Medical Treatment Guidelines (the medical guidelines) in June 2011.

3

I think[,] present a reasonable controversion of the claim which would likewise be a reason for denying the motion for penalties and attorney's fees. Since the issue of medical treatment is not before me I do not decide whether or not 1203.1 under Revised Statute Title 23 applies in this case. Those issues are not properly joined and not before me. So I deny the motion for penalties and attorney's fees and note that this does appear to be a matter which would require the following filing of a 1008 to properly join all issues.

### *Sinegal's Entitlement to Penalties and Attorney Fees*

Sinegal's motion for penalties and attorney fees is premised on the assumption that Defendant's failure to approve and install a walk-in bathtub and to approve an occupational therapy assessment for the installation of hand rails throughout her home amounted to a violation of the consent judgment. Likewise, La.R.S. 23:1201(G), the statute upon which Sinegal relies as the basis for her claim of penalties and attorney fees references the nonpayment of "any award payable under the terms of a final, nonappealable judgment . . . within thirty days after it becomes due."

> A . . . peremptory exception of no cause of action is designed to test the legal sufficiency of the plaintiff's petition. It poses the question "whether the law affords a remedy on the facts alleged in the pleading." [*Everything on Wheels Subaru v. Subaru South, Inc.,* 616 So.2d 1234, 1235 (La.1993)]. Louisiana has a system of fact pleading, and "[t]he mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action." *Montalvo v. Sondes,* 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. As we recently noted, "[i]t is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions." *Bibbins v. City of New Orleans,* 02-1510, p. 5 (La.App. 4 Cir. 5/21/03), 848 So.2d 686, 691, *writ denied,* 03-1082 (La.10/10/03), 855 So.2d 357.

*Bernberg v. Strauss*, 08-488, p. 5 (La.App. 4 Cir. 12/3/08), 999 So.2d 1184, 1187.

"[T]he failure to disclose a cause of action . . . may be noticed by either the trial court or appellate court on its own motion." La.Code Civ.P. art. 927(B).

4

To maintain a cause of action for an award of penalties and attorney fees, Sinegal necessarily had to allege facts sufficient to prove that Defendant violated the terms of the consent judgment. The 2010 consent judgment obligated Defendant to "pay all reasonable and necessary medical treatment" resulting from the injuries Sinegal sustained in the two accidents. It is axiomatic that in order for there to be a violation of that judgment, there has to first be a finding that any requested treatment is reasonable and necessary. Here, however, we have two requests for treatment recommended by two of Sinegal's physicians and two denials from Defendant based on utilization reviews. Those reviews determined that the requested walk-in bathtub was not medically necessary and that the need for an occupational therapy assessment for the installation of hand rails was not causally related to the injuries referenced in the consent judgment. What is obviously lacking, however, is a judicial determination that both requests were reasonable and necessary for the treatment of the injuries covered by the consent judgment. Instead, Sinegal has made the conclusory allegation that Defendant's denials violated the consent judgment without first showing that she has received such a judicial determination so as to entitle her to the penalties and attorney fees that she seeks in her motion.

Citing La.Code Civ.P. art. 926, Sinegal argued at the June 21, 2013 hearing and she continues to argue on appeal that Defendant waived any right that it may have had to oppose the motion on grounds of prematurity and/or the unauthorized use of summary proceedings because she filed a motion to substitute counsel and request for notice of trial and a motion to reset the hearing without pleading any dilatory exceptions in its motions.

5

In *Carr v. Masters*, 469 So.2d 1147 (La.App. 4 Cir. 1985), the plaintiff filed a petition seeking partition of a business partnership. The defendant answered the suit, filed a reconventional demand, and later filed a motion for summary judgment alleging that any attempt to partition the partnership before its dissolution was premature. After a hearing, the trial court granted the defendant's motion for summary judgment and dismissed the suit. On appeal, the fourth circuit reversed, maintained an exception of no cause of action, and remanded the matter to the trial court granting the plaintiff leave to amend her petition to state a cause of action. In doing so, the appellate court reasoned:

> We reject Carr's argument that Ms. Masters' pleading was nothing more than an attempt to plead the dilatory exception of prematurity after it had been waived by filing the answer. Masters objects to a more fundamental defect than mere prematurity. Although she complains of the suit to partition as "premature" before dissolution of the partnership, it is premature because there can be no cause of action by one partner against another on partnership matters. To find that Masters waived an objection to such a serious defect in the suit would allow Carr to proceed with a cause of action that is legally non-existent.

*Id.* at 1150.

Without deciding whether Defendant in fact waived any right to object to Sinegal's motion as premature,[2] we conclude that Defendant's opposition to the motion amounts to "a more fundamental defect that mere prematurity." *Id.* In the absence of any judicial determination that Defendant failed to pay any reasonable and necessary medical treatment resulting from the injuries Sinegal sustained in her April 26, 2006, and December 12, 2007 workplace accidents, we conclude that Sinegal has failed to state a cause of action for her entitlement to penalties and attorney fees for violation of the consent judgment. Accordingly, we notice an

---

[2] Sinegal designated the record for appeal without requesting inclusion of the aforementioned motions allegedly filed by Defendant.

exception of no cause of action on our own motion and affirm the judgment denying Sinegal's motion for penalties and attorney fees. The WCJ did not err in failing to find that Sinegal was entitled to penalties and attorney fees. Thus, Sinegal's first assignment of error lacks merit.

Moreover, since we affirm the appealed judgment on the basis that Sinegal failed to state a cause of action for the relief sought, we need not determine whether the WCJ erred in using the improper use of summary proceedings and La.R.S. 23:1203.1 as a reasonable basis for its ruling. Sinegal's second assignment of error is moot.

### *Dismissal With or Without Prejudice*

Sinegal complains that the WCJ erred in dismissing her *claim* for penalties and attorney fees with prejudice. Examination of the judgment appealed reveals that the WCJ denied Sinegal's *motion* for penalties and attorney fees rather than any *claim* that she may have for that relief. Accordingly, this assignment of error lacks merit.

**DECREE**

For the reasons assigned, the judgment of the WCJ denying Betty Sinegal's motion for penalties and attorney fees is affirmed. Costs of this appeal are assessed against Betty Sinegal.

**AFFIRMED.**

7