# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-307

**SUN COAST CONTRACTING SERVICES, INC.**

**VERSUS**

**DIEN'S AUTO SALVAGE, INC., ANDINO SUGAR DEVELOPMENT LLC AND RUBY FARMS LLC**

\*\*\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## SIXTEENTH JUDICIAL DISTRICT COURT
## PARISH OF IBERIA, NO. 122563
## HONORABLE GERARD B. WATTIGNY, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Gary J. Giepert**
**4603 S. Carrollton Ave.**
**New Orleans, LA 70119**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
  **Sun Coast Contracting Services, LLC**

**Alfred F. Boustany, II**
**421 W. Vermilion St.**
**Lafayette, LA 70502**
**COUNSEL FOR DEFENDANT-APPELLANT:**
  **Dien's Auto Salvage, Inc.**

**PAINTER, Judge.**

Defendant, Dien's Auto Salvage, Inc. (Dien's), appeals the entry of a default judgment against it. For the following reasons, the default judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

Sun Coast Contracting Services, LLC (Sun Coast) and Dien's entered a "Teaming Agreement" in which they agreed to demolish a sugar mill in New Iberia, Louisiana, and to remove the debris. The agreement provided that the revenues, expenses, profits and/or losses arising out of the demolition project were to be split equally between the two parties to the agreement.

In May 2013, Sun Coast filed suit claiming that it had job costs of $1,196,136.46, that Dien's had no job costs, and that Dien's had not responded to requests to be reimbursed for half its job costs as agreed to in the "Teaming Agreement." As a result, Sun Coast prayed for judgment against Dien's in the amount of $598,068.23 plus interest and attorney's fees. Dien's did not file an answer, and, on August 6, 2013, Sun Coast filed a motion for preliminary default which was entered on that same date. On November 14, 2013, Sun Coast filed a motion for confirmation of the default judgment, and judgment was rendered on November 14, 2013. Dien's now appeals devolutively.

## DISCUSSION

*No Cause of Action*

On appeal, Dien's urges an exception of no cause of action arguing that the parties formed a joint venture and that neither party has a cause of action against the other until the joint venture is dissolved.

> The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. *Jarrell v. Carter*, 577 So.2d 120

1

(La.App. 1 Cir.), *writ denied*, 582 So.2d 1311 (La.1991). The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. LA.CODE CIV.P. arts. 927, 931; *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618 (La.1984). . . .

Generally, under LA.CODE CIV.P. art. 931 parties may introduce no evidence to support or controvert the exception. *See, e.g.*, *Treasure Chest Casino, L.L.C. v. Parish of Jefferson*, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 754, *writ denied*, 97-1066 (La.6/13/97), 695 So.2d 982. . . .

An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. *Board of Comm'rs of Orleans Levee Dist.*, 640 So.2d at 237. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law.

*City of New Orleans v. Bd. of Dir. of Louisiana State Museum*, 98-1170, pp. 9-10 (La. 3/2/99), 739 So.2d 748, 755-56.

Dien's asserts that the parties undertook a joint venture. It is correct that "[a] joint venture is analogous to a partnership and controlled largely by the rules applicable to partnerships." *Palmer v. Vermillion Home Builders, LLC*, 48,838, p. 10 (La.App. 2 Cir. 2/2614), 134 So.3d 1248, 1254. The argument that the parties have no cause of action against one another because of failure to dissolve the joint venture asserts a serious defect. *Carr v. Masters,* 469 So.2d 1147 (La.App. 4 Cir. 1985), *cited in Sinegal v. Lafayette Parish Sheriff's Office,* 13-1437, p. 6 (La.App. 3 Cir. 5/7/14), ___ So.3d ___, ___. Therefore, we conclude that Dien's is attempting to assert an affirmative defense via its exception.

> When an exception of no cause of action is based on an affirmative defense, the exception must be overruled unless the allegations of the pleading exclude every reasonable hypothesis other than the premise upon which the defense is based. *Owens v. Martin,* 449 So.2d 448, 452 (La.1984); *Kyle,* 588 So.2d at 1159.

*Lambert v. Riverboat Gaming Enforcement Div.*, 96-1856**,** p. 5 (La.App. 1 Cir. 12/29/97), 706 So.2d 172, 175.

After reviewing the petition herein, we conclude that the pleadings do not "exclude every reasonable hypothesis other than the premise upon which the defense is based." *Id.* Therefore, the exception of no cause of action must be overruled.

*Service of Process*

Dien's asserts that the default judgment was granted in error because the record lacks proof of service of process. However, the record on appeal was supplemented with a copy of the citation including the Sheriff's Return showing personal service of the petition on May 30, 2013. Therefore, we conclude that Dien's was properly served with the petition in this matter.

*Certifications*

Dien's next contends that the documents tendered in support of the default judgment were not sufficient to fulfill the requirements of La.Code Civ. P. arts. 1701 and 1702.1.

Lousiana Code of Civil Procedure Article 1701 provides generally for the entry of a default judgment where the defendant fails to answer within the time provided by law. Where, as here, the action is based on a conventional obligation, La.Code Civ. P. art. 1702(B)(1) provides that:

> When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the

3

circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

In order to confirm a default judgment based on conventional obligation, La.Code Civ.P. art. 1702.1 requires the following:

> A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include in an itemized form with the motion and judgment a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and if required, the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed.

> B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.

Dien's first argues that no default judgment should have been granted because no certification was included with the motion and judgment. However, in, *Weber Property Group, LLC v. Sunburst Media-Louisiana, LLC*, 12-804 (La.App. 5 Cir. 4/10/13), 115 So.3d 40, the fifth circuit found that where the record contained appropriate documentation of the claims made, the failure to include the certificate described in La.Code Civ. P. art. 1702.1(B) was not fatal to the default judgment. We agree.

However, Dien's argues that the *Weber* case is not applicable because the record does not contain appropriate documentation of the claims made. It notes that the supporting affidavit of Jerry Crump does not identify who he is or identify him as a representative of the Plaintiff. However, attached to the original petition is a "Sworn Statement of Claim Pursuant to Louisiana Private Works Act" which was

4

signed by Crump as President of Sun Coast and which identifies him as Sun Coast's representative. Therefore, we find that the record contains appropriate documentation of Crump's personal knowledge supporting the affidavit. The affidavit is self-authenticating as required by statute and refers to attachments which sufficiently set out a prima facie case supporting the confirmation of a default judgment in favor of Sun Coast.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Defendant-Appellant, Dien's Auto Salvage, Inc.

**AFFIRMED.**