GUIDRY, J.
A taxpayer appeals a default judgment rendered against it, finding it liable for a deficient sum of taxes, penalties, and interest as assessed by the Louisiana Department of Revenue. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
Following an audit, the Louisiana Department of Revenue determined that Citifinancial Auto Corporation, formerly known as Transouth Financial Corporation, a corporation qualified to do business in Louisiana, had underpaid corporate income taxes for the tax years 2003, 2004, and 2005, and underpaid corporate franchise taxes for the tax years 2004, 2005, and 2006. Based on these determinations, the Louisiana Department of Revenue issued two separate notices, dated February 25, 2009, informing Citifinancial Auto of the amounts owed, plus accrued interest and penalties. The notices advised Citifinancial Auto that it had 30 days from the date of the notices to respond or remit payment. Neither payment nor a response was received, so on December 10, 2009, the secretary of the LDR (hereinafter "the LDR") filed a "Petition to Collect Tax" pursuant to La. R.S. 47:1561(A)(3) against Citifinancial Auto. The petition contained instructions to serve CT Corporation System as the registered agent for Citifinancial Auto.
On October 28, 2011, the LDR filed a motion for preliminary default, pursuant to La. C.C.P. art. 1701, based on Citifinancial Auto's failure to answer or otherwise respond to the "Petition to Collect Tax." An order of preliminary default was entered by the district court on November 4, 2011. Over two years later, on April 24, 2014, the LDR filed a motion to confirm the preliminary default pursuant to La. C.C.P. art. 1702.1. Attached to the motion was a document *941 signed and stamped by a deputy clerk of the district court indicating that no answer had been filed, a copy of a notice from the clerk of the district court showing service on CT Corporation on December 16, 2009, and the affidavit of a Revenue Tax Auditor Specialist with the LDR who was "knowledgeable of the facts alleged in [the] lawsuit." Attached to and referenced in the affidavit were the February 25, 2009 tax notices issued to Citifinancial Auto.
Upon finding that the LDR had "produced proof of its demand, and the law and the evidence being in its favor," the district court signed a judgment on May 2, 2014, confirming a default judgment against Citifinancial Auto and awarding the LDR $671,290.57, along with judicial interest and all court costs. Notice of the default judgment, however, was not issued until January 19, 2018. Following notice of the default judgment, Citifinancial Auto timely sought and was granted a devolutive appeal.
ISSUES PRESENTED FOR REVIEW
On appeal, Citifinancial Auto presents the following issues for our consideration:
A. Whether the District Court manifestly erred in determining that the evidence was sufficient to establish Plaintiff's prima facie case.
B. Whether the District Court legally erred in confirming the Preliminary Default without either (i) conducting a hearing on the Motion to Confirm Preliminary Default or (ii) requiring a certificate of the attorney as to the type of claims, evidence attached, and service made on the Citifinancial.
DISCUSSION
In reviewing the issues raised in this appeal, we will first consider the arguments raised in the second issue presented for review, as resolution of the second issue potentially impacts consideration of the first issue. In the second issue presented, Citifinancial Auto initially argues that the district court improperly granted the default judgment in the absence of a hearing in open court. We find merit in this argument.
The provisions authorizing a default judgment to be obtained without a hearing are found at La. C.C.P. arts. 1702(C) and 1702.1. See Sessions & Fishman v. Liquid Air Corporation, 616 So.2d 1254, 1256 (La. 1993) ; Carter v. Amite City Ford, Inc., 03-1536, p. 5 (La. App. 1st Cir. 6/25/04), 885 So.2d 1190, 1193. Article 1702(C) states, in pertinent part:
In those proceedings in which the sum due is on an open account or a promissory note, other negotiable instrument, or other conventional obligation, or a deficiency judgment derived therefrom, including those proceedings in which one or more mortgages, pledges, or other security for the open account, promissory note, negotiable instrument, conventional obligation, or deficiency judgment derived therefrom is sought to be enforced, maintained, or recognized, or in which the amount sought is that authorized by R.S. 9:2782 for a check dishonored for nonsufficient funds, a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. [Emphasis added.]
Article 1702.1(A) further provides that when a party seeks to confirm a preliminary default without appearing for a hearing in open court, the party or counsel for the party must certify, in part, that the suit is one on an open account, a promissory note or other negotiable instrument, a conventional obligation, or a check dishonored for nonsufficient funds. Although the *942 record before us shows that the LDR did not certify that its suit was one on an open account, a promissory note or other negotiable instrument, a conventional obligation, or a check dishonored for nonsufficient funds,[2] in its brief on appeal, the LDR asserts that "[a] review of the record demonstrates that the [LDR's] Petition to Collect Tax was a suit on open account pursuant to [La.] R.S. 9:2781."
Louisiana Revised Statute 9:2781(D) states:
For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
Section 2781(D) does not actually define an "open account," but instead gives examples of what may constitute an open account. The jurisprudence, however, is replete with pronouncements that more concretely define the concept of an open account. Notably, it has been held that an open account necessarily involves an underlying agreement between the parties on which the debt is based, such that where there is no contractual relationship between the parties, there can be no recovery on an open account basis. Accusess Environmental Inc. v. Walker, 15-0008, p. 7 (La. App. 1st Cir. 12/17/15), 185 So.3d 69, 75. Moreover, the mere creation of a debt owed to a party does not give rise to an action on an open account. Inherent in the concept of an open account is that the account is for services or goods rendered. In re P.K. Smith Motors, Inc., 50,357, p. 24 (La. App. 2d Cir. 3/9/16), 188 So.3d 324, 339, writ denied, 16-0852 (La. 6/17/16), 192 So.3d 771 ; Double-Eight Oil & Gas L.L.C. v. Caruthurs Producing Co., Inc., 41,451, p. 12 (La. App. 2d Cir. 11/20/06), 942 So.2d 1279, 1286.
In this case, the LDR's suit is based on an alleged tax debt owed by Citifinancial Auto, but that debt does not arise from any services rendered or goods supplied by the LDR. Moreover, the LDR does not assert nor does the record establish any underlying contractual agreement between the LDR and Citifinancial Auto. Hence, we disagree with the LDR's assertion that the alleged tax debt it is attempting to collect is in essence a suit on an open account. And as the alleged tax debt does not qualify under any of the circumstances specified in articles 1702(C) and 1702.1 of the Louisiana Code of Civil Procedure for confirming a default judgment without a hearing, we find that the district court legally erred in confirming the default judgment against Citifinancial Auto in the absence of a hearing. See Carter, 03-1536 at p. 5, 885 So.2d at 1193.
Accordingly, we conclude that the trial court could not have legally entered a confirmation judgment against Citifinancial Auto. In light of this conclusion, we pretermit *943 discussion of the remaining issues raised in this appeal.
CONCLUSION
For the foregoing reasons, we vacate the May 2, 2014 default judgment rendered against Citifinancial Auto Corporation and remand this matter to the district court for further proceedings. All costs of this appeal, in the amount of $495.00, are assessed against Kimberly Robinson, in her capacity as successor to Cynthia Bridges, Secretary of the Louisiana Department of Revenue.
VACATED AND REMANDED.
Theriot, J concurs

It has been held, however, that the failure to include the certificate required by La. C.C.P. art. 1702.1 is not fatal to a default judgment, as long as the record contains documentation of all the elements necessary to establish the plaintiff's right to recover. See Sun Coast Contracting Services, Inc. v. Dien's Auto Salvage, Inc., 14-307, p. 4 (La. App. 3d Cir. 10/1/14), 148 So.3d 964, 968, writ denied, 14-2432 (La. 2/13/15), 159 So.3d 465 and Weber Property Group, LLC v. Sunburst Media-Louisiana, LLC, 12-804, pp. 8-9 (La. App. 5th Cir. 4/10/13), 115 So.3d 40, 44-45.