STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1693

CARLOS LEWIS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**Judgment Rendered:   AUG 0 5 2020**

* * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C683004
Honorable William A. Morvant, Presiding

* * * * * *

Carlos Lewis
Homer, LA

Plaintiff/Appellant
Pro Se

Jonathan R. Vining
Baton Rouge, LA

Counsel for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

Petitioner, Carlos Lewis, an inmate in the custody of the Department of Public Safety and Corrections at David Wade Correctional Center, appeals from a judgment of the district court dismissing his petition for judicial review of his lost property claim with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 15, 2018, petitioner filed a lost personal property claim, asserting that when he went to administrative segregation on February 1, 2018, he had two lockers of personal items, but that when he came out on October 8, 2018, he only received one locker and detailed a list of missing items. Petitioner received a response from the Warden on November 2, 2018, stating that petitioner's records were reviewed and no proof of ownership was indicated and further, that petitioner had refused to sign the confiscation and disposition of contraband form.

An internal investigation determined that upon petitioner's placement in administrative segregation on February 1, 2018, his property was inventoried and placed in storage containers, as witnessed by petitioner. Following petitioner's reassignment to extended lockdown, a complete inventory was conducted of petitioner's property on February 5, 2018, whereupon disallowed items were confiscated. In accordance with policy, the items were to be sent home or disposed of. Petitioner refused to sign the confiscation and disposition of contraband form. Therefore, after an inventory of his petitioner's property, and due to petitioner's failure to provide an address to send any confiscated items, his confiscated property was disposed of pursuant to DWCC Employee Policy Memorandum #02-01-015.

The investigation revealed most of the items claimed on petitioner's missing property form were not allowed pursuant to policy #36 and were disposed of when

2

petitioner refused to sign the confiscation form. The investigation further noted that neither the February 1, 2018 nor the February 5, 2018 inventory reflected that petitioner possessed any photographs, that petitioner had failed to provide proof of ownership of a law journal, and that petitioner had accessed his property twice while in extended lockdown without any notation of missing legal documents. Therefore, based on the investigation, petitioner's lost property claim was denied. Petitioner sought review with the Department Secretary, who concurred with the Wade Correctional Center staff's findings and denied petitioner's lost property claim.

Petitioner thereafter filed a petition for judicial review of the denial of his lost property claim. The Commissioner for the Nineteenth Judicial District Court issued a screening report, finding that petitioner's property was inventoried, he was informed that he could not possess certain items while on extended lockdown, but he refused to sign the confiscation form and indicate whether he wanted to send the disallowed items home. Therefore, the disallowed items were destroyed. The Commissioner found that staff actions coincide with policy #02-01-015, which mandates "if an offender receives a custody change from minimum-medium to extended lockdown then upon his placement in the unit, he will be required to send home or dispose of all property not allowed in these units." Additionally, the Commissioner noted that petitioner had accessed his remaining property on June 19, 2018, without incident or complaint of missing or lost property. Accordingly, finding that the evidence did not support a finding that the Department was arbitrary, capricious, manifestly erroneous or in violation of petitioner's rights in finding that the evidence in the record was insufficient to warrant relief, the Commissioner recommended that the suit for judicial review of petitioner's lost property claim be dismissed. The district court thereafter signed a judgment on October 21, 2019, affirming the Department's decision and dismissing petitioner's

3

suit for judicial review with prejudice. Notice of judgment was filed on October 22, 2019. Petitioner thereafter filed a Motion for Compliance and Reconsideration and motion for appeal on November 12, 2019.

## RULE TO SHOW CAUSE

On January 17, 2020, this court issued a show cause order, noting that the appeal appeared untimely because the record did not contain a ruling from the district court on petitioner's Motion for Compliance and Reconsideration. The Louisiana Code of Civil Procedure does not provide for a motion for reconsideration with respect to any judgment, and such motion is generally treated as a motion for new trial. Pouncy v. Winn-Dixie Louisiana, Inc., 14-496, p. 4 (La. App. 5th Cir. 9/24/14), 150 So. 3d 909, 911. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial, and the order becomes effective upon the denial of such motions. La. C.C.P. art. 2123(C). However, the jurisprudence is clear that the untimely filing of a motion for new trial does not extend the delay period for filing an appeal, even if the trial court does not recognize that it is untimely. Nelson v. Teachers' Retirement System of Louisiana, 10-1190, p. 5 (La. App. 1st Cir. 2/11/11), 57 So. 3d 587, 590.

The delay for filing a new trial in the instant case ended on October 31, 2019. As such, the motion for new trial filed on November 12, 2019 was untimely under La. C.C.P. art. 1974. Because the motion for new trial was untimely, the lack of a ruling on the motion is immaterial, and this court has jurisdiction to consider the merits of the appeal if the appeal is timely sought. See Weber Property Group, LLC v. Sunburst Media-Louisiana, LLC, 12-804, pp. 7-8 (La. App. 5th Cir. 4/10/13), 115 So. 3d 40, 44. The instant appeal was filed twenty days after notice of judgment was issued. Accordingly, the motion for appeal was filed well within the sixty-day delay for filing a devolutive appeal, and we maintain the appeal.

4

## DISCUSSION

Lost property claims by inmates are matters of prison administration or conditions of confinement that are governed by La. R.S. 15:1177 of the Corrections Administrative Remedy Procedure. Vincent v. State, Department of Public Safety and Corrections, 02-2444, p. 7 (La. App. 1st Cir. 6/6/03), 858 So. 2d 494, 497. Accordingly, a reviewing court may reverse or modify an administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) arbitrary or capricious or characterized by an abuse of discretion; or (f) manifestly erroneous in view of the reliable, probative and substantial evidence of the whole record. La. R.S. 15:1177(A)(9).

After a thorough review of the record, we agree with the reasoning of the district court and the Commissioner. Policy #02-01-015 clearly provides that "[i]f an offender receives a custody change from Minimum-Medium to Extended Lockdown then upon his placement in the unit, he will be required to send home or dispose of all property not allowed in these units." The evidence in the record indicates that the items claimed by petitioner on his lost property claim were disallowed items upon his custody change to extended lockdown, and that petitioner refused to sign the confiscation form to send the items home. Therefore, in accordance with policy, the items were disposed of on June 6, 2018. As such, we do not find that the Department was arbitrary, capricious, manifestly erroneous or in violation of petitioner's rights in denying his lost property claim.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court. All

costs of this appeal are assessed to appellant, Carlos Lewis.

**APPEAL MAINTAINED; JUDGMENT AFFIRMED.**