STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
03-0151 consolidated with 02-1299

IBERIA PARISH SCHOOL BOARD

VERSUS

PATSY BROUSSARD

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 9
PARISH OF IBERIA, NO. 02-03002
GLYNN FRANCIS VOISIN, WORKERS COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, John D. Saunders, and Billy Howard Ezell, Judges.

**WRIT GRANTED.**

**Michael W. Campbell**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**301 E. Kaliste Saloom, Ste 301**
**Lafayette, LA 70508**
**(337) 232-6581**
**COUNSEL FOR PLAINTIFF/RESPONDENT**
**Iberia Parish School Board**

**Michael St. Marc Caffery**
**Caffery, Oubre, Campbell & Garrison, L.L.P.**
**301 E. Kaliste Saloom Rd, #301**
**Lafayette, LA 70508**
**(337) 232-6581**
**COUNSEL FOR PLAINTIFF/RESPONDENT**
**Iberia Parish School Board**

**Randall Scott Iles**
**Attorney at Law**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR DEFENDANT/APPLICANT**
**Patsy Broussard**

**SAUNDERS, J.,**

Applicant, Patsy Broussard, seeks review of a decision of the Office of Workers' Compensation ordering her to submit to medical examination by Dr. Roger Smith, a neurosurgeon, in accordance with La.R.S. 23:1124.1, regarding the issue of disability.

## FACTS

The applicant, Patsy Broussard, suffered a neck injury on April 1, 1998, while in the course and scope of her employment with the Iberia Parish School Board. Ms. Broussard originally chose Dr. R.C. Llewellyn, a neurosurgeon in New Orleans, as her choice of physician after the accident. Under the provisions of La.R.S. 23:1121(A), Iberia Parish School Board had Ms. Broussard examined by Dr. John Clifford, a neurosurgeon in Baton Rouge. Dr. Clifford examined Ms. Broussard on several occasions and eventually recommended surgical intervention.

This case originally came to litigation in 1999, after Dr. Clifford recommended cervical spine surgery for Ms. Broussard. Dr. Clifford requested that he be allowed to consult with his partner. This request was refused by Iberia Parish School Board's insurance company. The employer apparently refused to authorize the second opinion by Dr. Clifford's partner due to a desire to seek a second opinion from a physician outside the practice group of Dr. Clifford. Instead, the employer requested a second opinion by Dr. Jack Hurst, a neurosurgeon in Lafayette. After Ms. Broussard refused to submit to examination by Dr. Hurst, Iberia Parish School Board filed a motion seeking approval of a second opinion with the Office of Workers' Compensation. The trial court granted the employer's request and Ms. Broussard sought a supervisory writ from this court to review the trial court's decision.

At the time of this first litigation, the employer took the position that Ms.

Broussard had made Dr. Clifford her *de facto* choice of physician, and therefore, it should be allowed a second neurosurgeon of its choosing. Ms. Broussard disputed the contentions of the employer, specifically, that the employer was entitled to a new physician of its choosing under the provisions of La.R.S. 23:1121(A) when she became compliant with the directives of its original choice of physician.

The workers' compensation judge held that Ms. Broussard's selection of Dr. Clifford as her *de facto* physician allowed the employer to obtain a second opinion by the neurosurgeon of its choice. This court granted the writ and held that School Board's choice of physician under La.R.S.23:1121(A) was Dr. Clifford. The mere fact that Ms. Broussard chose to accept the treatment and recommendations of the employer's chosen physician did not allow the employer to avoid the clear language of the statute prohibiting the employer from forcing an employee to be examined by more than one physician in any one field or specialty.

This latest dispute arose in April of 2002, when the employer filed a disputed claim for compensation requesting that Ms. Broussard undergo medical evaluation on the issue of her extent of disability. Dr. Clifford, the employer's original choice of physician has stated that, in his opinion, Ms. Broussard is permanently disabled. Ms. Broussard filed a reconventional demand seeking a declaration that she is totally and permanently disabled and an Exception of Res Judicata, or in the alternative, that the law of the case doctrine applies to this matter, based on this courts prior ruling on the 1999 supervisory writ. The trial court denied Ms. Broussard's exception and ordered that she be evaluated by Dr. Roger Smith, a neurosurgeon practicing in New Orleans.

Once again, Ms. Broussard requests a supervisory writ from this court to review the decision of the workers' compensation judge. She presents the following issues

2

for review:

> 1) Did the trial court err in denying the Peremptory Exception of Res Judicata brought by Patsy Broussard, or in the alternative, the estoppel principal of "law of the case"?
>
> 2) Did the trial court err, on its own motion pursuant to La.R.S. 23:1124.1, in appointing a neurosurgeon to evaluate Patsy Broussard where no medical dispute existed, and the plaintiff (de facto) and defendant (de jure) jointly chose neurosurgeon, Dr. John Clifford?

## LAW AND ARGUMENTS

*RES JUDICATA AND LAW OF THE CASE*:

In *City of Jennings v. Clay*, 98-225, p. 4 (La.App. 3 Cir. 10/14/98), 719 So.2d 1164, 1166, we provide a clear articulation of the application of the law of the case doctrine in reviewing matters previously decided by this court.

> Generally, review of an issue previously addressed by this court would be precluded by the law of the case doctrine. *Barnett v. Jabusch*, 94-819 (La.App. 3 Cir. 2/1/95); 649 So.2d 1158. The doctrine applies to all decisions of an appellate court and not merely those arising from the full appeal process. *Hawthorne v. Hawthorne*, 96-89 (La.App. 3 Cir. 5/22/96); 676 So.2d 619, *writ denied*, 96-1650 (La.10/25/96); 681 So.2d 365. However, the doctrine is not an absolute bar to reconsideration; rather it is discretionary. *See Ducote v. City of Alexandria*, 97-947 (La.App. 3 Cir. 2/4/98); 706 So.2d 673. Courts should apply the doctrine only when there is no obvious injustice or manifest error. *Id*; *Martin v. Provencher*, 97-1648 (La.App. 3 Cir. 5/6/98); 718 So.2d 975.

The Iberia Parish School Board states that "[i]t should be noted that the second opinion sought 1999 by Employer was solely on the question of whether surgery was needed and, if so, what type of surgery was needed." Therefore, it argue that the theories of res judicata and law of the case do not apply in this instance, as its request for second opinion is related to a different matter than that raised in the original trial in this case. We find this argument is without merit.

La.R.S. 23:1121(A) provides for the examination of an employee by a medical doctor of the employer's choosing as follows:

3

An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. *The employer or his workers' compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee.*

(Emphasis added).

The issue of whether the employer is allowed to seek a "second opinion" from another neurologist merely because it disagrees with the recommendations or diagnoses made by its *original* choice of physician is the specific issue that was litigated three years ago. The matter that the employer was seeking a second opinion on, namely a recommendation of surgery, was immaterial to our decision. The language of the statute is clear, and it shall be applied as written. An employer is entitle to request examination of the employee by only one physician within any given field or specialty.

This court has previously held that a claimant is not entitled to treatment by a second orthopedic surgeon of his choice merely because the first orthopedist has released him to go back to work. *Wiley v. Kenneth Parker Logging*, 97-1247 (La.App. 3 Cir. 3/6/98), 711 So.2d 297. This statement is equally applicable to the employer. Following the same rational, the employer cannot seek a "second opinion" by a second neurosurgeon of its choice simply because it does not like the determination of the first neurosurgeon it chose. Regardless of the fact that Ms. Broussard accepted the Iberia Parish School Board's choice of physician and, in fact, adopted their chosen physician as her own, Dr. Clifford is still the employer's chosen physician as allowed by 23:1121(A) cited above. The mere fact that they do not now agree with his

4

medical determination concerning Ms. Broussard's disability status does not entitle them to chose a new physician within the same specialty as a means of "shopping around" for a diagnosis they find more appealing. This decision applies for the same reasons specified in the earlier writ granted by this court. In that writ we stated: "Defendant-respondent is bound by their initial choice of physician as per La.R.S. 23:1121. They may not now seek to alter their designation merely because plaintiff-applicant chooses to follow the recommendations of their choice of physician."

Because this matter involves the same issue on which there was a final decision previously rendered by this court, we hold that the prior decision is the law of the case and our prior holding on this matter controls. We therefore need not address the applicability of res judicata.

*COURT APPOINTMENT OF NEUROSURGEON*:

La.R.S. 23:1123 provides that:

If any dispute arises as to the condition of the employee, the director, upon application of any party, shall order an examination of the employee to be made by a medical practitioner selected and appointed by the director. The medical examiner shall report his conclusions from the examination to the director and to the parties and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.

Additionally, La.R.S. 23:1124.1 provides in pertinent part:

However, the workers' compensation judge, on his own motion, may order that any claimant appearing before it be examined by other physicians.

In *McCrary v. New Orleans Health Corp.*, 01-1632, pp. 5 (La.App. 4 Cir. 9/26/01), 798 So.2d 1085, 1089, the fourth circuit noted: "However La. R.S. 23:1123 provides that only in the event of a dispute as to the employee's condition can either party make the application." The trial court in a workers' compensation case has the authority to engage an expert witness to advise the court, however, where there is no

5

dispute as to the medical diagnosis or opinion, as here, no such advisory medical opinion is necessary. Additionally, although Iberia Parish School Board argues that the judgment of the hearing officer merely represents a court ordered examination by an impartial medical examiner, this representation is not entirely accurate. The employer initiated this request for a second medical examination, and Dr. Smith was the physician the employer sought permission for a second opinion from, therefore the court merely granted the request made *by the employer*, for an additional examination by a second physician of their choice.

In the trial court's detailed reasons for judgment it is clear that the workers' compensation judge is not ordering the examination by Dr. Hardy for the court's benefit in reaching its decision, but rather merely for the employer's benefit in trying to find a different medical conclusion than the one provided by it's chosen neurosurgeon. In its reasons for judgment the hearing officer stated:

> This Court finds this request for the second opinion evaluation is reasonable because the evaluation is on a different issue than that raised over (3) three years ago because the initial request for a second opinion dealt with the issue of whether or not surgery was necessary and the scope of the surgery, if necessary.
>
> . . . .
>
> Since, no trial has occurred, plaintiff/employer should be able to challenge the question of disability with the testimony of the treating physician, as well as that of a second opinion doctor, based upon his evaluation of the plaintiff.

The workers' compensation judge provided no support for his contention that the employer should be allowed an evaluation by a second neurosurgeon of the employer's choosing. We were unable to find any support for this contention by the workers' compensation judge, and since it is directly contradictory to the clear language of La.R.S. 23:1221(A), we find the workers' compensation judge erred in

6

ordering the employee to undergo such evaluation.

## DECREE

For the reasons stated above, the writ is granted and the judgment of the workers' compensation court ordering Ms. Broussard to submit to medical examination by Dr. Roger Smith is reversed. All costs of this writ are assigned to the plaintiff/respondent, the Iberia Parish School Board.

**WRIT GRANTED.**