CONERY, J.,
concurs in part, dissents in part, and assigns reasons.
I concur with the majority’s decision to affirm the WCJ’s award of TTD and SEB benefits, plus court costs in the trial court and on appeal. I respectfully dissent from the majority’s decision to affirm the WCJ’s award of penalties and attorney fees and its award of additional attorney’s fees on appeal.
First, the analysis for consideration of the merits of the WCJ’s decision to award TTD and SEB benefits is different from that of the analysis of the WCJ’s decision to award penalties and attorney fees. The decision to award disability benefits is guided by the overriding principle that workers’ compensation legislation is remedial in nature and should be liberally construed to benefit the injured employee. See Lumpkin v. A.B.E.L. Trucking of La. LLC, 10-54 (La.App. 3 Cir. 6/2/10), 40 So.3d 422, writ denied, 10-1543 (La.10/1/10), 45 So.3d 1104.
The award of penalties and attorney fees, on the other hand, is punitive in nature and must be strictly construed. See Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. It may well be then, that in a given case, the same evidence used to justify an award of benefits may not be sufficient to justify an award of penalties and attorney fees.
Under La.R.S. 23:1201(F), the employer, in my view, put forth sufficient evidence in this case to “reasonably controvert” the claim for penalties and attorney fees. See Brown, 721 So.2d 885; Williams v. Pilgrim’s Pride Corp., 11-59 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, writs denied, 11-1793 and 11-1794 (La.10/21/11), 73 So.3d 384; Dietz v. Lowe’s Home Centers, Inc., 14-401 (La.App. 3 Cir. 11/5/14), 151 So.3d 990; Sinegal v. Lafayette Parish Sherriff's Office, 13-1437 (La.App. 3 Cir. 5/7/14), 139 So.3d 630. The WCJ failed to make specific factual findings or cite legal authority to support such an award. Indeed, the only portion of the opinion discussing penalties and attorney fees was completely conclusory in nature and stated:
The claimant is classified as a part-time employee. She is entitled to reimbursement of out-of-pocket medical expenses. Based on the evidence presented, the defendants failed to reasonably controvert this claim; therefore, penalties are owed in the amount of $2,000 for their failure to reimburse the claimant $125, that would include five co-pays of $25 each for her visits to Dr. Steven Hale, and the defendant is responsible for $2,000 for their failure to initiate indemnity benefits. Further more, the claimant is entitled to attorney’s fees in the amount of $18,000 for prosecution of the claim. She is further entitled to reimbursement of litigation expenses in the amount of $2,716. The defendant shall pay costs with interest. Thus done this 6th day of June 2014.
The analysis for the decision to award benefits is equally deficient, and contains *668 few specific factual findings or credibility determinations:
In the case at hand, the subsequent evidence of Dr. Jolly, a physician who has been treating the claimant for some time, overwhelmingly supports the claimant’s position. This medical evidence was ignored by the defendants. The defendant had an option to send the claimant back to their doctors and did not. Based on the evidence, the Court finds for the claimant. Thus, after reviewing the medical evidence, the Court finds that based on the medical evidence the claimant has carried her burden of proof; therefore, she is entitled to temporary total disability benefits from June 24, 2011, to September 8, 2013. She is further entitled to supplemental earnings benefits from September 8, 2012.
However, because of the liberal interpretation required as to the issue of the right to receive benefits and the application of the manifest error rule, I am constrained to agree that the decision to award TTD and SEB benefits must be affirmed.
Obviously, the WCJ was impressed with Dr. Jolly’s opinion and concluded, without commenting upon the vast amount of medical and lay testimony to the contrary, that Dr. Jolly’s opinion “overwhelming supports the claimant’s position.” Further, that, “This medical evidence was ignored by the defendants.”
In my view, the defendant sufficiently explained, based on the facts of the case and the many medical opinions of plaintiffs original treating physicians, that it had ample evidence upon which to base its decision to deny benefits. Dr. Jolly’s opinion was not ignored.
The WCJ awarded an additional $2,000.00 penalty against defendants “for their failure to initiate indemnity benefits” and a $2,000.00 penalty for failure to timely reimburse plaintiff for medical expenses. Again, while the evidence based on plaintiffs and Dr. Jolly’s testimony and records may have been sufficient under the manifest error rule to support the award of TTD and SEB benefits, there are no factual findings, nor is there analysis- of the evidence, to support the WCJ’s award of penalties, $18;000.00 in attorney fees and $2,716.00 in litigation expenses for failure to initiate benefits and reimburse medical bills.
As to the penalty claim for failure to pay medical expenses, likewise, under the strict interpretation required of a penal statute, should the defendant be penalized $2,000.00 plus attorney fees for a bill which it allegedly proved had already been paid directly to Dr. Hale as required by law? The WCJ’s conclusory statement that, “Based on the evidence presented, the defendants failed to reasonably controvert this claim,” is belied by the evidence that Dr. Hale’s bill was paid directly to him and not the. claimant, as required by statute.
A review of the WCJ’s opinion on the issue of penalties and attorney fees clearly shows that the evidence and analysis .put forth by the employer/defendant/appellant as to whether the claim was “reasonably controverted” was given short shrift by the WCJ. That evidence showed that Ms. Ruebush, working as an LPN, timely reported an injury to her left hand that occurred on December 4, 2010, while in defendant’s employ when she was struck with an aluminum walker by one of the patients. She resigned the same day and did not make a claim for workers’ compensation benefits until July 2011. In the meantime, she worked for another company as a nurse, failed to note an injury on her employment application for that job, completed almost all of her course requirements to be a registered nurse, including extensive typing, reconciled with her husband and moved out of state, all the while *669 making no complaint for disability benefits to defendant. The underlying facts and summary of her medical treatment were thoroughly reviewed in defendant/appellant’s brief and support the conclusion that the defendant reasonably controverted the claim and should not be assessed with penalties and attorney’s fees.
In my view, defendant presented considerable evidence upon which to base an opinion that this claim was reasonably controverted. Recognizing that the manifest error rule applies to this issue, I would nevertheless find that because the WCJ made no factual or credibility findings on the issue of penalties and attorney fees, the defendant/appellant’s evidence supports the position that the claim was reasonably controverted within the meaning of the La.R.S. 23:1201(F). The WCJ was manifestly erroneous in concluding otherwise. An employer should not be penalized for bringing a bona fide dispute on a close factual or legal issue to the court for resolution. Louisiana Constitution Article 1, § 22 states, “All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.” See also Williams, 68 So.3d 616; Dietz, 151 So.3d 990; Sinegal, 139 So.3d 630.
I would reverse the WCJ’s decision to award penalties and attorney fees and dissent from the majority’s decision on that issue. I likewise dissent from the majority’s decision to award attorney fees on appeal, but agree that defendant should be cast with all court costs in the trial court and on appeal. I concur with the majority’s decision in all other respects.